IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO McKINNEY,

      Plaintiff,                      No. CIV S-02-2496 FCD GGH P

   vs.

GRAY DAVIS, et al.,

      Defendants.            <u>ORDER</u>

_____/

      On September 25, 2006, plaintiff filed a motion requesting that the undersigned recuse himself. Plaintiff argues that the undersigned abused his discretion by denying plaintiff's motion for appointment of counsel. Plaintiff also objects to unidentified orders made by the undersigned regarding discovery and a witness.

      A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." <u>Liteky v. United States</u>, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474, 484 (1994.) The decision regarding disqualification is made by

the judge whose impartiality is at issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Liteky, 510 U.S. at 541, 114 S.Ct. at 1155.  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555, 114 S.Ct. at 1157.  Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior.  Id.

This court's actions in denying plaintiff's motion for appointment of counsel do not support disqualification.  The actions taken were an appropriate response to filings.  The court's rulings do not reflect an extreme disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action.  They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise.  The court cannot address the other orders referenced by plaintiff because he has not specifically identified them.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 25, 2006, motion for recusal is denied.

DATED: 11/14/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
mc2496.rec

---

[1] With respect to recusal under 28 U.S.C. § 144, the judge assigned with misconduct must make a determination that the declaration states sufficient facts for recusal.  United States v. Azhaeer, 581 F.2d 735 (9th Cir. 1978).  Allegedly, adverse rulings do not state facts sufficient for recusal.